

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/10/2025

# MEMORANDUM ENDORSED

| | | |
|---|---|---|
| **MURIEL GOODE-TRUFANT**<br>*Corporation Counsel* | **THE CITY OF NEW YORK**<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | Joseph V. Martino<br>*Special Assistant Corporation Counsel*<br>Office: (212) 356-0878 |

September 10, 2025

**VIA ECF**
Hon. Gregory H. Woods
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

Re: *R.F., v. N.Y.C. Dep't of Educ. et al.* 25-cv-4626 (GHW)(SN)

Dear Judge Woods:

I am a Special Assistant Corporation Counsel in the office of Corporation Counsel, the Muriel Goode-Trufant, attorney for Defendant in the above-referenced action, wherein Plaintiffs seek solely attorneys' fees, costs and expenses for legal work on an administrative hearing under the Individuals with Disabilities Education Act, 20 U.S.C. §1400, *et seq*. ("IDEA"), as well as for this action.

I write to respectfully request that the Court extend Defendants' time to respond to the Complaint from September 26, 2025 to December 26, 2025. This is Defendants' second request for an extension of time to respond to the Complaint. Plaintiffs Consent to this request. The Court granted Defendants' first request on June 12, 2025 (ECF No. 9).

Defendants' first request was based upon the understanding that Plaintiff's counsel would provide Defendants with the attorney billing records necessary to evaluate Plaintiff's fee claim, after which the parties would engage in settlement negotiations. However, Plaintiffs have not yet provided those records. Parties remain hopeful that this matter can be resolved without burdening the Court with unnecessary filings or motion practice, but the necessary settlement evaluation and negotiations cannot occur without Plaintiff's counsel providing Defendants with all the billing records and any supporting documentation. Plaintiffs have informed Defendant that they intend to provide those records within the next week.

Additionally, the Defendant respectfully request that the Court adjourn the Initial Pretrial Conference ("IPTC") set for September 19, 2025 at 2:00 pm (Scheduling Order dated June 4, 2025)(ECF No.5) and any Case Management Plan ("CMP") *sine die* or until Defendants have responded to the Complaint. The Plaintiffs consent to this request. This is Defendants' first request for an adjournment *sine die*.

Thus, Defendants respectfully request that their time to respond to the Complaint be extended to December 26, 2025.

Thank you for considering this request.

        Respectfully submitted,
        */s/ Joseph V. Martino*
        Joseph V. Martino, Esq.
        Special Assistant Corporation Counsel

cc:    All Counsel (via ECF)

Application granted. Defendants' application for an extension of time to answer or otherwise respond to the complaint, Dkt. No. 12, is granted. The deadline for Defendants to answer or otherwise respond to the complaint is extended to December 26, 2025. The parties' request to adjourn *sine die* the initial pretrial conference and the submission of the joint status letter and proposed case management plan described in the Court's June 4, 2025 order is granted. The parties are directed to submit a joint status letter updating the Court on the progress of any settlement in this case no later than December 19, 2025. The Clerk of Court is directed to terminate the motion pending at Dkt. No. 12.

SO ORDERED.
Dated: September 10, 2025
New York, New York

                                _____
                                GREGORY H. WOODS
                               United States District Judge